UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
LANCE STEWARTSON,

                             Plaintiff,

                              v.                    9:04-CV-1097
                                                                     (TJM)(GJD)

P. ALMSTEAD, Correctional Lieutenant,

                             Defendant.
--------------------------------------------------------------------------

**APPEARANCES:**                                  **OF COUNSEL:**

LANCE STEWARTSON
Plaintiff, *pro se*

ANDREW M. CUOMO                        JEFFREY P. MANS, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE

## ORDER

     Presently before the Court is a motion for discovery filed by Lance Stewartson ("Stewartson" or "plaintiff"). Dkt. No. 48. Defendant has opposed the motion. Dkt. No. 51.

     This action was filed on September 21, 2004. After some delay in locating and serving the defendant, an answer was filed on April 14, 2006. Dkt. No. 26. A pretrial scheduling order issued on June 15, 2006. Dkt. No. 28. Pursuant to the pretrial order, discovery closed on December 30, 2006 and the motion to compel filing deadline was set for January 30, 2007. *Id.* Defendant filed a motion for summary judgment on April 27, 2007. Dkt. No. 37. After two extensions of the response deadline, plaintiff filed his response to the motion for summary judgment on July 16, 2007. Dkt. No. 50.

Plaintiff filed his motion for discovery on July 5, 2007. Dkt. No. 48. In the motion, plaintiff seeks leave to conduct further discovery, and a stay of any decision on the summary judgment motion until plaintiff has been permitted the additional discovery. In his motion, plaintiff alleges that he made several letter requests to the Attorney General's Office, and requests pursuant to the Freedom of Information Law ("FOIL") to the Oneida Correctional Facility.[1] *Id.,* Memorandum of Law*, page 2.* In addition, plaintiff alleges that he made document requests to defendant's counsel in the course of his deposition. Plaintiff states that because the requests were made prior to the discovery deadline he had no reason to believe his requests would be ignored. *Id.* Plaintiff has not alleged that he served any written discovery demands prior to the close of discovery. However, plaintiff attached letters to his motion, dated after the close of discovery,[2] in which he references documents that plaintiff believes he will need for trial

---

[1] Plaintiff annexed a response to his FOIL request wherein the Oneida County Correctional Facility offered to produce some of the records requested, upon payment of the statutory fee. Plaintiff alleges that he is unable to pay the fee.

However, plaintiff would be required to pay similar fees in the course of discovery. 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, does not state that indigent parties are entitled to complimentary copies of documents needed in furtherance of their action. Instead, a party is required to pay for copies of documents despite the fact that he has been found to be indigent under this statute. *See*, Rule 5.4 (a) of the Local Rules of the Northern District of New York ("The granting of an *in forma pauperis* application shall in no way relieve the party of the obligation to pay all other fees for which such part is responsible regarding such action, including, but not limited to, copying and/or witness fees."); *See also Williams v. Coughlin et al.*, No. 95-CV-1737, slip op. at 2-3 (May 31, 1996) (Pooler, J.) ("copying and/or witness expenses are not included among the delineated expenses for which the Court can direct payment. Moreover, an order granting a plaintiff the right to proceed *in forma pauperis* does not entitle that plaintiff to free copies of documents in the record.") (citation omitted). Plaintiff was advised of this fact when his application to proceed *in forma pauperis* was granted. *See* Dkt. No. 9.

[2] The letters to defendant's counsel, annexed to the motion, are dated February 13, 2007 and May 10, 2007. Plaintiff also attached "proposed " document demands and interrogatories.

2

and inquires of defendant's counsel how they should be obtained.

Defendant opposes this motion. Dkt. No. 51. Defendant points out that the motion was filed more than two months after defendant filed his motion for summary judgment, and after all pretrial deadlines had expired. Defendant also agues that the deposition transcript[3] does not reflect any agreement to provide plaintiff with discovery. Defendant argues that plaintiff failed to serve any written discovery demands, failed to make any effort to compel responses to any alleged demands, and has offered no excuse for failing to do so in accordance with the deadlines set forth in the pretrial order. Finally, defendant argues that plaintiff has made no showing that any of the "proposed" discovery would impact on his opposition to the pending dispositive motion.

As noted above, discovery in this action closed December 30, 2006. Plaintiff did not seek any extension of that deadline, or the deadline for filing a motion to compel. Plaintiff has not presented this Court with any timely written discovery demands that were served and remain unanswered. Further, the Federal Rules of Civil Procedure make no provision for oral discovery demands.[4] Finally, the Court fully reviewed the deposition transcript annexed to defendant's motion for summary judgment, and finds no agreement by defendant's counsel to produce any records to plaintiff.

Plaintiff was permitted ample time to engage in discovery, and has offered no explanation for his failure to either do so, or to seek a timely extension of the pretrial

---

[3] The complete transcript of the December 28, 2006 deposition is annexed to the defendant's motion for summary judgment. Dkt. No. 37.

[4] The Court is aware that plaintiff verbally agreed to produce documents, on the record, at his deposition. However, such an agreement has no bearing on the validity of plaintiff's alleged verbal requests for production of documents from the defendant. This is due to the fact that the demands that plaintiff agreed to produce document under were made, in writing, in the notice of deposition, pursuant to Rule 30 (b)(5). Plaintiff made no such written requests to the defendant.

deadlines. Plaintiff waited more than six months after the expiration of the discovery deadline to make this request to the Court. In addition, despite plaintiff's assertions, there is no indication that the defendant has failed to comply with any proper discovery request initiated by plaintiff. Finally, plaintiff has made no showing that he was unable to respond to the motion for summary judgment due to a lack of discovery in this matter. Accordingly, plaintiff's motion to re-open discovery must be denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for discovery (Dkt. No. 48) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with Local Rules.

Dated: October 24, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

4