UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCE STEWARTSON,

                                        Plaintiff,

         v.                                          9:04-CV-1097

P. ALMSTEAD, Correctional Lieutenant,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## MEMORANDUM-DECISION and ORDER

### I.         INTRODUCTION

Plaintiff Lance Stewartson commenced the instant action against Defendant Paul

Almstead pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights arising

out of the issuance of an inmate misbehavior report, his conviction on the charges, and his

placement in the Special Housing Unit ("SHU").  Presently before the Court is Defendant's

motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Plaintiff has opposed the

motion.

### II.        FACTS

At all times relevant hereto, Plaintiff was an inmate at the Oneida Correctional

Facility operated by the New York State Department of Corrections ("DOCS").  Defendant

was employed by DOCS at Oneida Correctional Facility as a Correctional Lieutenant.

On June 18, 2003, Defendant issued an Inmate Misbehavior Report ("IMR") against

Plaintiff charging him with violations of Rules 113.25 (conspiring to introduce controlled

substances in the correctional facility) and 114.10 (smuggling) of the Standards of Inmate

Behavior.  The basis of the charge was an investigation conducted by security staff indicating

that Plaintiff conspired with another inmate to smuggle marijuana into the facility.  It was

anticipated that confidential information would be provided to the hearing officer to

substantiate the charges.

Plaintiff was served with a copy of the IMR on June 19, 2003.  Deputy

Superintendent William F. Hulihan was appointed as the hearing officer to preside over the

Tier III Superintendent's Hearing regarding the IMR.  The hearing was commenced on June

23, 2003 and completed on July 1, 2003.  Defendant states that Plaintiff was provided the

opportunity to request assistance and witnesses and testify at the hearing.[1]  Plaintiff denies

this and states that he was denied the opportunity to present a defense because of

Defendant's threats and intimidation.

At the hearing, Defendant testified that he had been involved in an ongoing

investigation conducted by security staff at the facility.  Defendant testified that the

investigation revealed that Plaintiff conspired with inmate Coffield to smuggle marijuana into

the facility.  In support of this conclusion, Defendant testified that Plaintiff sent money to a

third person for the purpose of having marijuana smuggled into the facility and that

confidential information had been provided to security staff specifically identifying Plaintiff as

the person who sent the money for that purpose.  Defendant further testified that drugs were

confiscated in the facility visiting room.

---

[1] In support of his contention, Defendant submits a copy of the Case Data Work Sheet and
Assistance Selection Form wherein Plaintiff indicated that he did not seek assistance and wherein he
initially requested that inmate Coffield testify on his behalf, but then withdrew that request.  However, on
July 1, 2003, Plaintiff wrote "I no longer request inmate Coffield . . . as a witness."  Inmate Coffield was
the person with whom Plaintiff was alleged to be conspiring to smuggle marijuana into the facility.

After the hearing, Plaintiff was found guilty of the charged misconduct and sentenced to 90 days confinement in the SHU and a loss of privileges.  On July 14, 2003, Plaintiff was transferred out of Oneida Correctional Facility to Mid-State Correctional Facility. As a result, Plaintiff only served 80 days confinement in SHU.

Plaintiff appealed the results of his Tier III hearing.  On September 10, 2003, the Tier III determination was reversed on the following grounds: "no indication an assessment was made of the confidential information to determine its credibility (note: confidential tape could not be found for review)."

Plaintiff now claims that Defendant retaliated against him by filing a false IMR. Plaintiff complains of the following: (1) after being placed in SHU (as a result of the IMR), two unidentified corrections officers stated that they had orders by Defendant to "treat plaintiff extra special;" (2) at the Tier III hearing, Defendant stood up "screaming (poking his fingers in plaintiff's face) stating 'stop wasting time here, take what's coming to you or I will give it to you right here;'" (3) after the Tier III hearing, "as a direct effort of Lt. Almstead's authority-rank, and his misbehavior report, plaintiff was denied Religious Services . . ., recreation . . ., [and] was forced to be intimidated by numerous spontaneous unauthorized cell and body searches, said to be a 'gift' by plaintiff's best friend, Lt. Almstead' . . . [by unidentified SHU officers];" (4) while in SHU, unidentified officers said "Almstead is not the man to piss off;" and (5) Defendant prevented Plaintiff from presenting a defense at his hearing with threats and intimidation.  See Pl.'s Response to Def.'s Stmnt. of Mat. Facts at ¶ 20.

## III.      STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment.  It is well settled that on a motion for summary judgment, the Court must construe

the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. V. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). With this standard in mind, the Court will address Defendants' motion.

## IV.    DISCUSSION

Plaintiff's Complaint asserts three causes of action: (1) breach of the duty to protect Plaintiff from unlawful confinement; (2) retaliatory treatment caused by the failure to protect; and (3) cruel and unusual punishment.

### a.   <u>Duty to Protect Plaintiff from Unlawful Confinement</u>

In his first cause of action, Plaintiff alleges that Defendant breached his duty to protect Plaintiff from wrongful solitary confinement.  The basis of this claim appears to be that Defendant filed a false charge against Plaintiff.  This claim must be dismissed.

"[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report. . . . There must be more, such as retaliation against the prisoner for exercising a constitutional right."  <u>Boddie v. Schnieder</u>, 105 F.3d 857, 862 (2d Cir. 1997).  Here, there is insufficient additional conduct necessary to support a § 1983 claim.

It is well-settled that a retaliation claim will not survive summary judgment unless the plaintiff discharges his burden to show: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  <u>Dawes v. Walker</u>, 239 F.3d 489, 492 (2d Cir. 2001), <u>overruled on other grounds</u>, <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992 (2002).  There is insufficient evidence upon which a fair-minded trier of fact could reasonably conclude that Plaintiff engaged in protected speech or conduct.  Indeed, Plaintiff fails to identify any such protected activity.  Plaintiff admits that he knows of no reason why Defendant would retaliate against him.  Plaintiff, therefore, cannot establish the causation element.  Accordingly, any retaliation claim must be dismissed.

Plaintiff has also failed to state a legally cognizable due process claim.  While an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest . . . [t]he plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without

due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  Although

Plaintiff contends that the basis for the misbehavior report was false, he was afforded a

hearing and an appeal at which time he had an opportunity to challenge the basis for the

report.  While Plaintiff was found guilty after the hearing, that determination was reversed

upon appeal and all records containing references to the Tier III hearing were expunged.

Thus, Plaintiff was afforded multiple layers of due process protection and was able to expose

any problems in the evidence against him or the lack of sufficient process afforded at the Tier

III hearing in finding him guilty.  See Mitchell v. Senkowski, 158 Fed. Appx. 346, 349 (2d Cir.

2005) (unpublished decision).  Plaintiff, therefore, was provided with adequate process of

law.

Furthermore, Defendant cannot be found liable for any deficiencies at the hearing

because he did not preside over the hearing.  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir.

2006) (personal involvement is a prerequisite to liability under 42 U.S.C. § 1983).  Defendant

was not responsible for calling witnesses, making determinations upon the evidence, or

imposing punishment.  Defendant simply was the charging officer and a testifying witness.

Even assuming that Defendant presented false testimony, that, alone, is insufficient to raise

a due process violation.  Boddie, 105 F.3d at 862; Freeman, 808 F.2d at 951; Mitchell, 158

Fed. Appx. at 349.  Assuming as true Plaintiff's allegations that Plaintiff "was intimidated by

the defendant to the point that plaintiff was afraid to continue his testimony" and Defendant

poked his fingers in Plaintiff's face and told him to "stop wasting time here, take what's

coming to you or I will give it to you right here,"[2] it does not impact the outcome.  As noted,

---

[2] Defendant and Deputy Superintended Hulihan have submitted affidavits denying Plaintiff's allegations that Defendant engaged in any such conduct.

Defendant was not involved in the decision to find Plaintiff guilty of the charges or the imposition of punishment.  The hearing was presided over by Deputy Superintendent Hulihan, who was responsible for conducting the hearing, calling witnesses, and making a decision.  The record evidence demonstrates that Plaintiff was afforded the opportunity to request assistance, call witnesses,[3] and testify on his behalf.

Moreover, there is insufficient evidence before the Court upon which a trier of fact could reasonably conclude that the basis for Defendant's charge was false.  Plaintiff admits he is unaware of the results of the confidential investigation.  He, therefore, is not in a position to know if the evidence was materially false.

For the foregoing reasons, any First Amendment and/or procedural due process claims are DISMISSED.

**b.   Retaliatory Treatment Caused by Failure to Protect/Deprivation of Property/Cruel and Unusual Punishment**

In his second cause of action, Plaintiff claims that "[a]s a direct effort of defendant's actions, plaintiff was forced to endure retaliatory treatment. . . .As a direct result of defendant's deliberate indifference, plaintiff while in (SHU) at Oneida was denied his daily exercise . . ., forced to sleep on a stained foul smell [sic] mattress, forced to accept numerous unauthorized cell and body searches, denied programs with population, denied phone calls to family members, commissary and packages, [and] forced to rewrite law work over and over again."  In this cause of action and his third cause of action alleging cruel and unusual punishment, Plaintiff is complaining about the conditions he endured while in SHU.

---

[3] Plaintiff contends that he was precluded from calling inmate Coffield as a witness.  Defendant has supplied a writing signed by Plaintiff whereby he withdrew his request to call inmate Coffield.

These claims must be dismissed because Defendant was not personally involved in the decision to place Plaintiff in SHU or in Plaintiff's treatment while in SHU.  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).  Plaintiff was confined in the SHU as a result of his Tier III disciplinary hearing finding his guilty of the charges against him.  The finding of guilt and the imposition of punishment (i.e. placement in SHU) are attributed to Deputy Superintendent Hulihan; not Defendant.

With respect to the Plaintiff's treatment while in SHU, again, there is insufficient evidence that Defendant was involved in failing to provide a clean mattress, allowing proper exercise, conducting cell and body searches, denying privileges, etc.  To the contrary, Plaintiff admits that he never had any contact with Defendant other than at the Tier III hearing and that he has no evidence that Defendant instructed anyone to do anything to him.  For these same reasons (lack of any evidence of personal involvement by Defendant), Plaintiff's claims for the deprivation of property and cruel and unusual punishment also must be dismissed.  There is insufficient evidence that Defendant was involved in any way with the conditions Plaintiff endured while in SHU or the confiscation of any property.

### c.   Fed. R. Civ. P. 56(f)

Plaintiff also moves pursuant to Fed. R. Civ. P. 56(f) asking the Court to defer a decision on the summary judgment motion until such time as he can complete discovery. Magistrate Judge DiBianco denied Plaintiff's request to conduct additional discovery. See Dkt. No. 53.  Plaintiff did not appeal that order.

Although Plaintiff identifies the relevant factors in considering whether to defer judgment on a summary judgment motion pursuant to Fed. R. Civ. P. 56(f), see Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 422 (2d Cir. 1989) ("a party

seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."), he does not satisfy those factors.  As noted in Magistrate Judge DiBianco's Order denying Plaintiff's request for discovery, Plaintiff failed to make timely discovery requests.  He, therefore, failed to make a reasonable effort to obtain the necessary facts.  Plaintiff had ample opportunity to conduct discovery, but failed to do so.  The reason Plaintiff's efforts at obtaining the necessary facts were unsuccessful is because of his own failure to timely serve discovery demands.  More importantly, Plaintiff fails to identify how or why his proposed discovery are reasonably expected to create genuine issues of material fact.

## V.      CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion pursuant to Rule 56(f) is DENIED, and Plaintiff's Complaint is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

March 20, 2008

Thomas J. McAvoy
Senior, U.S. District Judge